**UNITED STATES of America,
Appellee,**

v.

**Henderson McCOY, Appellant.**

**No. 74–1787.**

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 3, 1975.

Decided July 18, 1975.

H. Marshall Simpson, Greensboro, N. C. [Court-appointed], on brief, for appellant.

N. Carlton Tilley, Jr., U. S. Atty., Ronald V. Shearin, Asst. U. S. Atty., on brief, for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Appellant, Henderson McCoy, was convicted of possession and of removal or concealment of nontaxpaid whiskey. Counsel appointed to represent McCoy on appeal filed a brief in this court and stated therein, in effect, that in his opinion there was no reversible error committed at trial and he could find no reason why McCoy's conviction should not be affirmed. However, in examining the brief submitted on behalf of McCoy we concluded that it did not comply with the minimum standards of legal representation as specified in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We then entered an order pointing to the failure of counsel to comply with specfic requirements of *Anders* and directed that counsel for the appellant should file a brief which should conform in all respects to the teaching of *Anders.*

Appellant's counsel has now complied with the terms of our order and on June 24, 1975, filed his brief on behalf of his client which appears to us to meticulously follow and comply with all of the requirements of *Anders v. California, supra,* and which sets forth all issues which in counsel's opinion might arguably support the appeal.

Appellant's brief raises two issues: (1) legality of the search warrant; and (2) sufficiency of the evidence. We agree with counsel that there is no merit in either contention.

■ With respect to McCoy's first claim, an affidavit to obtain a search warrant must contain information as to "some of the underlying circumstances from which the informant concluded that the [evidence was] where he claimed [it was], and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or 'reliable.' " *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). The affidavit in this case stated that the informant's tip was based on his own personal knowledge, he having been inside the apartment where the illegal whiskey was found, and stated also that the informant had numerous times in the past given the affiant reliable information which the affiant knew of his own personal knowledge to be correct. The affidavit thus complied with the requirements of *Aguilar,* and was sufficient to support a finding of probable cause by the magistrate and the issuance of a search warrant.

■ As to McCoy's second claim, in considering the sufficiency of the evidence we do not determine whether it convinces us of guilt beyond a reasonable doubt, but rather whether it would permit the trier of fact to find the defendant guilty beyond a reasonable doubt. *United States v. Sherman,* 421 F.2d 198, 199 (4 Cir. 1970), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970). This court will not reverse a conviction if there is substantial evidence, taking the view most favorable to the government, to support the findings of guilt. *Id.; Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In this case there was evidence that the illegal whiskey was found in appellant's apartment (Tr. 15, 49, 82), and that he was present in the apartment at the time (Tr. 13, 56). This evidence was sufficient to support findings of guilt as to possession and concealment of the whiskey.[1]

■ This court has fully examined the transcript of McCoy's trial and the record on appeal, and has independently determined that there was no reversible error in the conduct of the trial. We note in particular that the district court properly denied McCoy's motion for a new trial on the basis of newly discovered evidence, since the only new evidence presented was an affidavit which was later retracted by the affiant.

Simultaneously with the filing of the amended brief appointed counsel has moved this court that he be allowed to withdraw from further appearance in this case, asserting that he has prepared McCoy's case to the best of his ability, that he has reached the conclusion that the appeal was and still is frivolous and without merit and that he cannot present any reasonable argument in support of the appeal.

We find no reversible error by the trial judge and, accordingly, the judgment of the district court is affirmed. Furthermore, the Clerk is directed to enter an appropriate order relieving McCoy's court-appointed counsel from the duty of further representation of appellant and that counsel be allowed to withdraw from further appearance in this case.

---

1. Title 26 U.S.C. § 5601(a)(12) provides for punishment of one who "removes . . . or conceals" nontaxpaid liquor. Thus we need not determine whether the evidence was sufficient to warrant the inference that McCoy was responsible for the removal of the illegal whiskey from its place of manufacture.